UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

UNITED STATES,

    v.                                              12 CR 45  (KAM)

ANTHONY FERRERI,

        Defendant.

------------------------------------------------X


DEFENDANT ANTHONY FERRERI'S
MEMORANDUM OF LAW REGARDING SENTENCING



JOHN S. WALLENSTEIN, ESQ.
1100 Franklin Avenue
Garden City, New York 11530
(516) 742-5600


*Attorney for Defendant*

Table of Contents

Table of Authorities ................................................................................ ii

Preliminary Statement............................................................................ 1

Argument ............................................................................................... 1

I.   Charge and Conviction ............................................................... 1

II.  Objections to the Pre-Sentence Report .................................... 6

III. The Sentencing Guidelines Calculation ..................................... 7

IV.  Post-Booker Sentencing Framework ........................................ 8

    A.  Introduction.......................................................................   8

    B.  Nature and Circumstances of the Offense and the
        History and Characteristics of Anthony Ferreri ..................   11

    C.  The Need for the Sentence Imposed.................................. . ...12

        1.  Mr. Ferreri Poses a Very Low Risk of Recidivism…...…...…..12

        2.  Incarceration is More Significant for a "First
            Offender" than for a Repeat Offender........................... 14

Conclusion............................................................................................. 16

i

## TABLE OF AUTHORITIES

CASES

Dolan v. United States,
130 S.Ct. 2544 (2010) ................................................................... 4

Gall v. United States,
128 S.Ct. 586 (2007) ..................................................................... 9

Kimbrough v. United States,
128 S.Ct. 558 (2007) ..................................................................... 8

United States v. Baker,
445 F.3d 987 (7th Cir. 2006) ....................................................... 14

United States v. Booker,
534 U.S. 220 (2005)....................................................................... 8

United States v. Cavera,
550 F.3d 180 (2d Cir. 2008)......................................................... 10

United States v. Crosby,
397 F.3d 103 (2d Cir. 2005)......................................................... 10

United States v. McGee,
479 F. Supp. 2d 910 (E.D.Wis. 2007)........................................... 15

United States v. Nellum,
Docket No. 04 Cr. 30 (PS),
2005 WL 300073 (N.D.Ind. February 3, 2005) ................. …….…12,13

United States v. Rubenstein,
403 F.3d 93 (2d Cir. 2005)............................................................. 9

United States v. Tomko,
563 F.3d 558 (3d Cir. 2009)......................................................... 13

United States v. Willis,
479 F.Supp.2d 927 (E.D.Wis. 2007)............................................. 14

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 922(a)(1)(A)...................................................................................5

18 U.S.C. § 924(a)(1)(D)...................................................................................5

18 U.S.C. § 3553 ............................................................................ *passim*

U.S.S.G. § 2B1.1 ...............................................................................................5

U.S.S.G. § 2K2.1(b)(1)(B)................................................................................6

U.S.S.G. § 3B1.2(b)..........................................................................................6

U.S.S.G. § 3E1.1...............................................................................................7

U.S.S.G. § 5B1.1 .........................................................................................…..8

**PRELIMINARY STATEMENT**

Defendant Anthony Ferreri, by and through his attorney, respectfully submits the instant memorandum of law for this Court's consideration with respect to the determination of his sentence. After reviewing the facts set forth below, it is respectfully requested that this Court fashion a fair and just sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). To that end, it is respectfully suggested that a non-jail term of probation is the appropriate disposition in this matter.

**ARGUMENT**

I.  **CHARGE AND CONVICTION**

On September 19, 2012, Anthony Ferreri pled guilty before Your Honor to the Indictment, without a plea agreement. The defendant was charged, along with his co-defendant Tafiq Abdullah, with conspiring to engage in the business of dealing in firearms, *18 U.S.C. 922 (a) (1) (A)*, and with the substantive crime of firearms trafficking, *18 U.S.C. 922 (a) (1) (A), 18 U.S.C. 924(a)(1)(D)*. The indictment alleged that between April and December of 2011, Abdullah and Ferreri conspired to sell firearms to undercover agents, and actually made such sales. As noted in ¶ 16 of the PSR, Ferreri's role in what was clearly Abdullah's business was limited to allowing Abdullah to use his (Ferreri's) apartment to conduct the firearms sales. He is at least a minor participant in the offense, and is entitled to a role adjustment; as argued below, his participation warrants a 4 level adjustment as a minimal participant in the offense.

5

II. **OBJECTIONS TO THE PRE-SENTENCE REPORT**

Paragraph 14 of the PSR contains a chart listing all of the firearms sold by Abdullah in the course of this crime, and it must be emphasized that the PSR makes clear that it was Abdullah, not Ferreri, who arranged the deals, procured the guns, set up the transactions, and received the proceeds. Ferreri's limited role was to allow Abdullah the use of his apartment, and it was only on the occasion of the December transaction that Ferreri was present and aware of what was going on.  The PSR holds Ferreri accountable for a total of 14 firearms, 5 of which were allegedly sold by Abdullah in July, 2011 at a time when Ferreri was not present and unaware of the transaction. In addition, the Llama .45 caliber pistol seized on December 14 was not a gun included in any sales, but was in fact Abdullah's "personal weapon"; as such, it should not be counted in the number of guns sold. Ferreri is not responsible for the weapons sold in July when he was not present, as he was unaware at that time of Abdullah's business. Therefore, as he was present in December and allowed Abdullah to use his apartment for the sale of eight guns, that is the number for which he should be held responsible.  While this does not change the Advisory Guidelines calculation, which calls for an enhancement for between 8 and 24 guns, *U.S.S.G. § 2K2.1(b)(1)(B)*, it is nonetheless significant as the defendant's involvement is something the Court must consider in the analysis under *18 U.S.C. § 3553(a)*.

The PSR affords Ferreri a two level reduction in the Offense Level under *U.S.S.G. § 3B1.2(b),* as a minor participant. It is respectfully submitted that he should instead be given a four level reduction as a minimal participant, under

6

*U.S.S.G. § 3B1.2(a),* as his role was limited to permitting Abdullah to use his apartment, and he did not profit in any way from the sales of firearms, had no role whatever in the acquisition of them, and had nothing to do with arranging the sales. He merely stood by while Abdullah did business, although he clearly knew what the business was and knowingly permitted the use of his apartment. Since he was unaware of the scope of Abdullah's business and had no knowledge of how the transactions were structured or what other activities Abdullah engaged in, he clearly fits the criteria for a minimal participant under *Application Note 4 to §3B1.2* .

### III. THE SENTENCING GUIDELINES CALCULATION

Taking into consideration the arguments herein, the correct Advisory Guidelines calculation should be as follows:

| | |
|---|---|
| Base Offense Level (U.S.S.G. §§ 2X1.1[a],2K2.1) | 14 |
| Specific Offense Characteristic: 8 firearms (2K2.1(b)(1)(B) | +4 |
| Adjustment for Role in the Offense : Minimal Participant | -4 - |
| Adjustment for Obstruction of Justice (None) | 0 |
| Adjusted Offense Level: | **14** |

Grouping Counts 1 and 2 per Guideline 3D1.2(a) does not change the resulting total. Therefore, the Adjusted Offense Level remains at 14 after grouping.

| | |
|---|---|
| Adjustment for Acceptance of Responsibility   (3E1.1[a] & [b]) | <u>-3</u> |
| TOTAL ADJUSTED OFFENSE LEVEL: | **11** |

Since Mr. Ferreri has no prior convictions apart from the instant offense, his Criminal History Category is I .

7

The corresponding range of incarceration for a total offense level of 11 with a Criminal History Category of I is 8 to 14 months imprisonment, but because the applicable Guidelines range is within Zone C, the Advisory Guidelines authorize a sentence of 4 months imprisonment followed by supervised release including a condition of 4 months home confinement or community supervision.

Pursuant to *U.S.S.G. § 5B1.1(a),* "a sentence of probation is authorized" since the applicable guideline range is in Zone C of the Sentencing Table and the minimum term of imprisonment per the Guidelines is less than 10 months. (Application Note 3, § 5B1.1).

As such, and particularly in light of the defendant's background, the circumstances of this offense, and the unlikelihood of recidivism, all of which is discussed herein, we respectfully submit that a non-jail sentence of probation is warranted.

**IV.    POST-BOOKER SENTENCING FRAMEWORK**

    A.    **INTRODUCTION**

As is now well known, in *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007), the Supreme Court re-affirmed the sentencing regime announced in *United States v. Booker,* 534 U.S. 220 (2005), which requires District Courts to view the Guidelines as merely advisory, and instructs District Courts to tailor a sentence in light of all of the statutory concerns set forth in 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3553(a), District Courts are directed to impose the minimally- sufficient

8

sentence to achieve the statutory purposes of punishment – justice, deterrence, incapacitation, and rehabilitation – by imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2*). See Kimbrough*, 128 S.Ct. at 570. This "parsimony provision" is "an overarching provision," representing a cap above which a District Court is statutorily prohibited from sentencing above, even when a greater sentence is recommended by the advisory Sentencing Guidelines. To put it another way, pursuant to 18 U.S.C. § 3553(a), the Guidelines are to be viewed as statutorily subordinate to the parsimony clause. *See Kimbrough*, 128 S.Ct. at 570.

Thus, after properly calculating the advisory range under the Sentencing Guidelines, a factor which serves as only the "starting point" or "initial benchmark," District Courts must then consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States,* 128 S.Ct. 586, 596-97 (2007). To that end, the Supreme Court has also explained that District Courts may not presume the advisory Guidelines range to be reasonable. *Gall,* 128 S.Ct. at 596. Further, the advisory Guidelines range is to be given no greater weight than any other § 3553(a) factor. Id. at 602.

As explained by the Second Circuit, a sentencing judge is "required to consider the relevant Guideline provisions in determining a reasonable sentence," *United States v. Rubenstein,* 403 F.3d 93, 98-99 (2d Cir.

9

2005), but unless a sentencing judge considers all of the factors set forth in 18 U.S.C. § 3553(a), as well as the applicable Guideline range, it cannot be concluded that the resulting sentence is "reasonable." *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Moreover:

> A district court may not presume that a Guideline sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense. District judges are, as a result, generally free to impose sentences outside the recommended range. When they do so, however, they "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance."[*Gall*, 128 S.Ct.] at 597. In this way, the district court reaches an informed and individualized judgment in each case as to what is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a).

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

Similarly, other statutory provisions also give the District Court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: In determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the court is required to "recogniz[e] that imprisonment is <u>not</u> an appropriate means of promoting correction and rehabilitation" (emphasis added). Further, under 18 U.S.C. § 3661, "<u>no limitation</u> shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).

As such, Mr. Ferreri presents the following for this Court's

10

consideration relative to the factors outlined in 18 U.S.C. §§ 3553(a) and 3661.

>    B.  **NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF ANTHONY FERRERI**

The offense is appropriately described in the PSR, and the details need not be repeated here. It is important to note, however, that the Defendant's role in the offense was minimal, and that he received no benefit from his participation, which was undertaken to help a friend. It was, admittedly, a stupid thing to do, and the defendant is paying a very heavy price for his actions.

Most significant to the sentencing analysis to be performed is the background of the defendant. Anthony was a Special Education student for the majority of his time in the NYC public school system. He functioned below grade level throughout his high school stint, which ended when he dropped out of Port Richmond High School to attend a GED program, which he never completed. He is malleable, easily persuaded to engage in behavior which is sometimes inappropriate, as in the instant case where he was pushed by his friend Abdullah to assist in the offense.

The defendant's family is supportive of him, and eager to see him set his life back on track. Submitted herewith are a series of letters from family and friends, attesting to Mr. Ferreri's character . It is clear that his involvement in this case is an aberration in an otherwise law-abiding, relatively uneventful life. He has a good job, and lives with his girlfriend whom he plans to marry. He has

11

no previous criminal history, and it is unlikely that he will commit another crime in the future. He was motivated to help his friend in this case purely out of friendship, and more than a bit of naivete; he simply gave no thought to the consequences of his actions.

### C. THE NEED FOR THE SENTENCE IMPOSED

#### 1. MR. FERRERI POSES A VERY LOW RISK OF RECIDIVISM

Mr. Ferreri is 30 years old and has no prior criminal history. Unlike many federal defendants, <u>he has absolutely no prior adult or juvenile criminal convictions or arrests</u>. Indeed, if not for his misguided and naïve attempt to help a friend by letting him use his apartment, he would not have even been in the position to commit the instant offense.

These facts, along with the recidivism findings of the United States Sentencing Commission, demonstrate that Mr. Ferreri is unlikely to recidivate and, therefore, poses very little risk of harm to the public in the future.

In *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. February 3, 2005), the District Court acknowledged the likelihood that a particular defendant might offend again was a statutory sentencing factor required to be considered by a sentencing court. *See 18 U.S.C. § 3553(a)(2).* There, defendant Nellum fell within criminal history category III, but was sixty-five years old at the time of sentencing. To determine the likelihood of Nellum's risk of recidivism, the District Court relied upon a report of the United States Sentencing Commission examining the issue. *See Nellum*, 2005 WL 300073, at *3, <u>citing</u>, "Measuring Recidivism:

12

The Criminal History Computation of the Federal Sentencing Guidelines," a report issued by the United States Sentencing Commission, <available at http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_Criminal_History.pdf> (last accessed, October 10, 2013)

Notably, in *Nellum*, the court found it appropriate to consider the defendant's relatively low risk of recidivism when crafting Nellum's sentence. *See Nellum*, 2005 WL 300073, at *3, *5.

In addition to the Sentencing Commission's recidivism report referenced in Nellum, the Sentencing Commission also issued a report entitled, "Recidivism and the 'First Offender,' " available at <http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_First_Offender.pdf> (last accessed, October 10, 2013) (annexed hereto as, "Exhibit C").  Therein, the Sentencing Commission determined that 93.2% of offenders who had never before been arrested did not recidivate – a figure that even includes violations of supervised release and probation. Id. at 26.  Notably, the instant offense is Mr. Ferreri's first and only arrest.

A defendant's minor or non-existent criminal history is therefore a factor courts should take into account at sentencing. *United States v. Tomko*, 563 F.3d 558 (3d Cir. 2009) (en banc) (upholding the defendant's sentence of probation on condition of home detention due to the defendant's "minimal criminal record").

Here, this is Mr. Ferreri's first conviction, and it is also his only arrest.

13

Prior to the instant indictment he had never been arrested for any other conduct, and subsequent to his arrest on the instant indictment, there have been no new arrests and no accusations of any new offenses. This clearly demonstrates that Mr. Ferreri has led a law-abiding life, and has continued to do so while at liberty since his arrest in this case. As such, I respectfully submit that it is appropriate for this Court consider Mr. Ferreri's extremely low risk of recidivism when fashioning his sentence.

2. **INCARCERATION IS MORE SIGNIFICANT FOR A "FIRST OFFENDER" THAN FOR A REPEAT OFFENDER**

We respectfully submit that this Court should also consider that prison time is more significant for a "first offender" than it is for an offender who has previously spent significant time in prison, and that this is a life circumstance which can and should be considered under 3553(a). .

In *United States v. Baker,* 445 F.3d 987 (7th Cir. 2006), defendant Baker was convicted of distributing child pornography. The Seventh Circuit affirmed a below-Guidelines sentence of 78 months imprisonment when the Guidelines suggested 108 months. The Seventh Circuit found it significant that the District Court determined a prison term would mean more to Baker than to a defendant who previously had been imprisoned. The Seventh Circuit also noted this factor is consistent with 18 U.S.C. § 3553(a)(2)'s directive that the sentence reflect the need for "just punishment," and "adequate deterrence." Id. (citations omitted).

In United States *v. Willis,* 479 F.Supp.2d 927 (E.D.Wis. 2007), the

14

defendant was convicted of drug offenses where the suggested guideline range was 100 months. The District Court sentenced Willis to one year and one day of imprisonment based, in part, on its finding that the "sentence provided a substantial punishment for someone like [Willis], who had never before been to jail and who engaged in no violence." *Willis,* 479 F.Supp.2d at 937. Likewise, in *United States v. McGee,* 479 F.Supp.2d 910 (E.D.Wis. 2007), the defendant was convicted in a heroin distribution case. The District Court imposed a sentence below the advisory Guidelines range, in part, because McGee "had never before been to prison and '[g]enerally a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.'" McGee, 479 F.Supp.2d at 912, *quoting United States v. Qualls,* 373 F.Supp.2d 873, 877 (E.D.Wis. 2005).

## CONCLUSION

Obeying the Congressional mandate to impose sentence which is "sufficient, but not greater than necessary" to achieve the aims of sentencing, it is clear that a sentence which restricts Mr. Ferreri's liberty to a degree (i.e. by reporting to a Probation Officer) while providing him the opportunity to obtain educational assistance and substance abuse treatment if appropriate, would meet that goal.

Respectfully submitted,

/S/

JOHN S. WALLENSTEIN
Attorney for Defendant
1100 Franklin Avenue
Garden City, NY 11530
(516) 742-5600
JSWallensteinEsq@aol.com